**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Dongguan Lianguang Electronics Technology Co., Ltd., | ) | |
| | ) | **CASE NO.** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY DEMANDED** |
| | ) | |
| The Entities, Partnerships and Unincorporated Associations Identified on Schedule A, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, Dongguan Lianguang Electronics Technology Co., Ltd. ("Plaintiff" or "DLE Tech"), by and through its undersigned counsel, brings this action for patent infringement against the Defendants and unincorporated associations or partnerships identified in Schedule A.  In support of its claims, Plaintiff alleges as follows:

**NATURE OF ACTION**

1.   This is an action for design patent infringement arising from Defendants' unauthorized manufacture, importation, offer for sale, and sale of battery products that copy the patented ornamental designs embodied in U.S. Design Patent No. D965,512 ("the '512 Patent") and U.S. Design Patent No. D965,513 ("the '513 Patent") (collectively, "Patents-in-Suit") that are owned by the Plaintiff. True and correct copies of the Patents-in-Suit are attached as Exhibit 1.

2.   E-commerce has exposed intellectual property right holders such as Plaintiff to significant harm from infringers hiding behind pseudoidentities. Plaintiff is a global manufacturer of batteries and has invested significant resources into the development, marketing, and commercial introduction of products embodying the patented designs. Through years of sales, advertising, and

consumer recognition, Plaintiff has gained consumer trust and developed substantial goodwill associated with its patented battery designs, supported by its quality products, effective marketing strategies, and responsive customer support.

3.   Defendants operate through multiple online storefronts having similar names, aliases, and what appear to be other forms of pseudoidentities to conceal the nature and scope of their operations.  By marketing and selling infringing products that are visually indistinguishable from Plaintiff's designs, Defendants unfairly trade on Plaintiff's established reputation and goodwill associated with Plaintiff's Design Patents, dilute Plaintiff's brand value, and cause substantial consumer confusion.

4.   Defendants' infringing activities have caused, and continue to cause, irreparable harm to Plaintiff, including loss of market share, erosion of exclusive patent rights, and damage to Plaintiff's goodwill.  Plaintiff therefore seeks injunctive, monetary relief, and all other remedies available under the law and equity.

## PARTIES

5.   Plaintiff is a Chinese limited company with a primary business address at Floor 4, 3rd Building, No. 30, Wangjiao Road Hengtang Villiage Tangxia Town, Dongguan City, Guangdong Province, China.

6.   Plaintiff conducts business worldwide through online sales channels and transacts with consumers throughout the United States, directly and through distributors on the Temu.com and Amazon.com platforms, including consumers within this District.

7.   Plaintiff has offered for sale and sold hundreds of thousands of products incorporating the designs of the Patents-in-Suit via the online marketplace platforms Amazon.com and Temu.com under the LANKOO/SMARTOOOLS brand.

8.   Upon information and belief, Defendants are the online sellers listed on Schedule A, which is filed under seal to prevent Defendants from receiving notice before the Court rules on Plaintiff's request for a temporary restraining order, and offer for sale and/or sell products that infringe Patents-in-Suit to consumers throughout the United States, including within this judicial district.  *See* Defendants Nos. 1-8 on Schedule A.

9.   Upon information and belief, the Defendants rely on a common manufacturer for the rechargeable batteries they offer for sale, which appear to originate from a single source, and all market and sell their products under the PUJIMAX brand.

10. Upon information and belief, all of the Defendants target their business activities toward consumers throughout the United States, including within this district, by engaging in pervasive business activities on the Temu.com online marketplace platform, and each Defendant operates a fully interactive e-commerce website identified on Schedule A (collectively "Defendants' Online Stores").

11.  Upon information and belief, some or all of the Defendants track visitors to their webstores and then target these visitors with advertisements for the PUJIMAX brand batteries that infringe the Patents-in-Suit on unrelated third-party websites.

12. Many of the Defendants have highly similar names and operate their respective Online Stores under similar webstore names, all of which feature the PUJIMAX brand and use the same or similar images of the battery products that are accused of infringing the Patents-in-Suit.

13. Upon information and belief, certain Defendants operate multiple webstores under similar or related seller names, each of which uses the PUJIMAX brand and offers PUJIMAX-branded battery products for sale.

14. The Defendants appear to be an interconnected group of individuals or business entities, as Defendants' Online Stores bear common or similar identifiers such as common or similar names, similar design elements, common choice of online marketplace platform, the same or substantially similar products, the same or substantially similar product descriptions, the same or similar images, the same or similar pricing and sales promotions, and/or the same or substantially similar purchasing and order fulfillment methods. The foregoing similarities establish a logical relationship among Defendants' Online Stores and suggest that Defendants' e-commerce and infringement operations arise out of the same series of transactions or occurrences.

15. Because certain Defendants operate behind their Online Stores and, upon information and belief, do not sell from brick-and-mortar establishments, it is difficult for Plaintiff to learn the true identities, ownership and control of the of the Defendants' entities. Plaintiff has utilized commercial search engines to investigate the Defendants but was unable to identify any publicly available listings corresponding to their web stores or the individuals or entities purported to own them. This further demonstrates that Defendants are intentionally concealing their identities and operating anonymously through online marketplace platforms. In the event that more information about Defendants' identities comes into light through discovery, Plaintiff will take appropriate steps to amend the Complaint.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. § 271 (patent infringement), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (action arising under the Patent Act).

17. This Court has personal jurisdiction over Defendants because Defendants regularly conduct business and maintain continuous contacts in the State of Illinois, including in this District.

4

Moreover, Defendants have promoted, marketed, advertised, offered for sale, and sold infringing products in Illinois including in this District.

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and § 1391(b)(3) because a substantial part of the events giving rise to the claims occurred in this district, and because each of Defendants directly target consumers in this district through the operation of Defendants' Online Stores. Defendants are involved in the production, marketing, offering for sale, sale, and/or shipping of infringing products to the consumers in this district. Further, Defendants have committed and knowingly participated in the commission of tortious acts causing substantial injury to Plaintiff in Illinois, including in this District.

19. Alternatively, the Court has long-arm jurisdictional over the Defendants as set forth in Federal Rules of Civil Procedure, Rule 4(k)(2) as (1) the claims at issue arises from federal law; and (2) the Defendants are not subject to any state's courts of general jurisdiction; and (3) invoking jurisdiction upholds due process given Defendants' nationwide commercial activities and sales of infringing product into the United States.

## COMMON FACTUAL BACKGROUND

20. Under its LANKOO/SMARTOOOLS brand on Amazon.com and Temu.com, Plaintiff has offered and sold a variety of batteries including batteries with different voltages and sizes that incorporate its patented designs. Plaintiff has been selling these products since 2023, and the products have gained high customer ratings and achieved substantial commercial success due to their innovative designs, quality, and well-positioned pricing and marketing.

21. Plaintiff's employee, Zhibing Liao, conceived and developed the novel battery designs and filed U.S. design patent applications that were assigned to Plaintiff and which led to the

issuance of the Patents-in-Suit.   Plaintiff owns the '512 Patent, which was filed on April 1, 2021, and issued on October 4, 2022.  Figs. 1 and 7 of the'512 Patent are depicted below:



22. Plaintiff also owns the '513 Patent, which was filed on April 1, 2021, and issued on October 4, 2022.  Representative images from the '513 Patent are set forth below:



23. Since at least 2023, Plaintiff has continuously manufactured, marketed and sold its batteries using designs that correspond to those disclosed in the Patents-in-Suit. Since the product

launch, Plaintiff has consistently sold products throughout the United States through various e-commerce channels including Temu.com and Amazon.com. Plaintiff also sells its products through authorized distributors that sell under the LANKOO/SMARTOOOLS brand. Images of the products subject to the Design Patents are set forth below. *See, e.g.* https://www.amazon.com/gp/product/B08C7S5JVM?th=1.



24. Plaintiff has sold hundreds of thousands of battery products to consumers throughout the United States, and it has received numerous positive reviews on social media. Upon information and belief, in view of Plaintiff's longstanding sales and promotion, consumers have come to associate the distinctive configuration of the Plaintiff's battery products with a single source.

25. Plaintiff's U.S. Design Patents grant it the exclusive rights to license, make, use, offer for sale, sell, and import products covered by the design patents.

26. Plaintiff has properly marked its products embodying the patented designs in compliance with 35 U.S.C. § 287.

27. Plaintiff's Patents-in-Suit are valid and enforceable at all times relevant herein and are entitled to a presumption of validity under 35 U.S.C. § 282.

28. The Patents-in-Suit represent substantial goodwill on the part of Plaintiff, and the goodwill associated with the Patents is incalculable and of significant value to Plaintiff.

## DEFENDANTS' INFRINGING ACTIVITIES

29. Upon recognizing the commercial success of the Plaintiff's designs, competitors have recently flooded the market with imitation products that copy the distinctive designs disclosed in the Patents-in-Suit. Defendants' making, offering for sale, selling, and importing of the accused products without authorization from the Plaintiff and in violation of Plaintiff's intellectual property rights has caused and continues to cause, irreparable harm to the Plaintiff.

30. Defendants manufactured, caused to be manufactured, imported, offered for sale, and/or sold batteries that use the designs of the Patents-in-Suit or colorable imitations thereof (collectively, "Defendants' Infringing Products") in interstate commerce through Defendants' Online Stores.

31. Defendants' Infringing Products feature batteries that incorporate the designs of the Patents-in-Suit, or colorable imitations thereof, as illustrated in the representative examples below:

| Patent | Accused Products | | |
|---|---|---|---|
| <br>**The '512 Patent** | <br>**PUJIMAX**<br>**(Schedule A, p. 19)** | <br>**PUJIMAX**<br>**(Schedule A, p. 22)** | <br>**PUJIMAX**<br>**(Schedule A, p. 12)** |
| <br>**The '513 Patent** | <br>**PUJIMAX**<br>**(Schedule A, p. 14)** | <br>**PUJIMAX**<br>**(Schedule A, p. 17)** | <br>**PUJIMAX**<br>**(Schedule A, p. 11)** |

9

32. Each of the infringing products, as well as the Defendants' Online Stores that offer for sale the accused products, is depicted in Schedule A.

33. None of Defendants is, nor has ever been, an authorized seller or licensee of the '512 or '513 Patent.

34. Plaintiff has never consented to Defendants' making, using, offering for sale, or selling of Defendants' Infringing Products in the United States.

35. Upon information and belief, Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Defendants' Infringing Products as part of the same transaction, occurrence, or series of transactions or occurrences by at least the following means:

a. Setting up multiple storefronts and/or fictitious seller aliases with false, misleading, and/or incomplete information on online marketplace platforms to avoid detection of their true identities and the scope of their e-commerce operations;

b. Employing templates on their Online Stores that use common design elements and similar product titles and descriptions; and

c. Applying substantially similar advertising and marketing strategies so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers.

36. Defendants use their Online Stores, Temu seller identification numbers, payment accounts, and other online identities, including those set forth on Schedule A, to accept, receive, process, and deposit payments generated from Defendants' infringing activities.

37. Upon information and belief, through their infringing activities, Defendants have amassed substantial revenues and profits by capitalizing on the innovative designs covered by the Patents-in-Suit and the goodwill associated therewith.

38. As Defendants operate entirely online, they are able to readily conceal, convert, and transfer their assets to evade payment of any monetary compensation owed to Plaintiff.

39. Defendants have actual and/or constructive knowledge that they do not have authorization, consent, permission, or a license from Plaintiff to incorporate the designs of the Patents-in-Suit into their infringing products.

40. Defendants are engaging in the above-described illegal infringing activities, and if Defendants' infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff will be continuously and irreparably harmed.

## COUNT I

### Patent Infringement
### (35 U.S.C. § 271(a))

41. Plaintiff repeats and reiterates the allegations set forth above as though fully set forth at length herein.

42. Plaintiff is the exclusive owner of all right, title, and interest in and to the Patents-in-Suit.

43. Plaintiff has sold a significant number of products embodying the designs covered by the Patents-in-Suit.

44. Defendants have infringed, and continue to infringe the Patents-in-Suit literally and under the doctrine of equivalents by, *inter alia*, making, importing, using, offering for sale, or selling in the United States, including in the State of Illinois and within this District, products that embody the ornamental designs covered by the Patents-in-Suit or colorable imitations thereof, in violation of 35 U.S.C. § 271.

45. Defendants have incorporated the designs of the Patents-in-Suit and/or colorable imitations thereof into articles of manufacture for the purpose of sale and/or sell, and have sold or

offered for sale articles of manufacture to which such design or colorable imitations have been applied.

46. Defendants' acts of infringement of the Patents-in-Suit were undertaken without Plaintiff's authorization, consent, permission, or license.

47. Upon information and belief, Defendants are acting in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Defendants' infringing products as part of the same transaction, occurrence, or series of transactions or occurrences.

48. Plaintiff has no adequate remedy at law, and if Defendants' actions are not preliminarily and permanently enjoined, Plaintiff will continue to suffer irreparable harm to its rights associated with the Patents-in-Suit.

49. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' infringement of the Patents-in-Suit.

50. Based on Defendants' acts of infringement of the Patents-in-Suit, Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283; damages under 35 U.S.C. § 284, including, but not limited to all gains, profits and advantages obtained by Defendants as a result thereof; statutory damages at Plaintiff's option under 35 U.S.C. § 289; costs; and reasonable attorney's fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants and an award of reliefs as follows:

a. Entry of temporary, preliminary, and permanent injunctions pursuant to 35 U.S.C. § 283 and Federal Rule of Civil Procedure 65, enjoining Defendants, together with their employees, agents, partners, officers, directors, owners, shareholders, members, principals,

subsidiaries, affiliates, branches, licensees, assignees, and all persons in active concert or participation with any of them, from the following acts:

      i. Manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell in the United States any products that infringe the Patents-in-Suit; and

      ii. Assisting, aiding, or abetting any other person or entity in engaging in the infringement of the Patents-in-Suit;

      b. Entry of a temporary restraining order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a) (The All Writs Act), and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of an injunction issued by the Court from participating in, or providing financial services, technical services or other support to Defendants in connection with the sale and distribution of goods that infringe upon the Patents-in-Suit;

      c. Entry of an order directing Defendants to destroy and remove all products, online product listings, packaging, signage, advertisements, promotional materials, stationery, forms, and/or any other materials and things that incorporate the designs of the '512 and '513 Patents or colorable imitations thereof;

      d. Entry of an award of damages adequate to compensate Plaintiff under 35 U.S.C. § 284, but in no event less than a reasonable royalty for Defendants' use made of the Patents-in-Suit, together with interest and costs as fixed by the Court;

      e. Alternatively, the entry of an order directing Defendants to account for and pay to Plaintiff any and all profits arising from Defendants' infringement of the Patents-in-Suit, or, at Plaintiff's election, not less than $250 in damages pursuant to 35 U.S.C. § 289;

f.   Entry of an award of pre- and post-judgment interest on the judgment amount;

g.   Entry of an order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with Defendants' Online Stores, used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts that transfer funds into the same financial institution account(s), and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein; and

h.   Granting any other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted,

Dated: December 10, 2025     By: */s/ Daniel S. Hess*

PATTISHALL, MCAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP

Bradley L. Cohn
Daniel S. Hess
125 S. Wacker Drive
Suite 2050
Chicago, IL 60606-5896
(312) 554-8000
blc@pattishall.com
dsh@pattishall.com

Andrew C. Aitken (*Pro hac vice* to be filed)
Aitken Law Offices
6701 Democracy Blvd., Ste 555
Bethesda, MD 20902

(301) 537-3299

*Attorneys for Dongguan Lianguang Electronics*
*Technology Co., Ltd.*

**Verification**

I, _Zhibing Liao_ declare and state as follows

1. I am an officer of the Plaintiff, Dongguan Lianguang Electronics Technology Co., Ltd. in the above-captioned action and a citizen of the People's Republic of China.

2. I have read the foregoing Complaint and know the contents thereof.

3. I declare under the penalty of perjury under the laws of the United States of America that the factual statements in the Complaint are true and correct, and, with respect to those matters stated therein upon information and belief, I believe them to be true.

Executed on _9. Dec. 2025_ _Zhibing Liao_
               Date                                Printed Name

# Exhibit 1

US00D965512S

(12) **United States Design Patent**    (10) **Patent No.:**    **US D965,512 S**
Liao      (45) **Date of Patent:**   **   **Oct. 4, 2022**

(54) **BATTERY**

(71) Applicant: **Dongguan Lianguang Electronics Technology CO., LTD.**, Guangdong (CN)

(72) Inventor: **Zhibing Liao**, Dengzhou (CN)

(**) Term: **15 Years**

(21) Appl. No.: **29/776,973**

(22) Filed: **Apr. 1, 2021**

(51) **LOC (13) Cl.** .............................................. **13-02**

(52) **U.S. Cl.**
USPC ............................................................. **D13/103**

(58) **Field of Classification Search**
USPC ................. D13/102–106, 110, 118–119, 184
CPC . Y02E 60/10; H01M 2220/30; H01M 50/209; H01M 50/213; H01M 50/183; H01M 50/10; H01M 50/529; H01M 50/531; H01M 10/0525; H01M 10/0436; H01M 10/052; H01M 10/0565; H01M 10/30; H01M 10/345; H01M 10/425; H01M 2010/0495; B25F 5/02; B25F 5/00; A61B 2017/00734
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 4,175,166 A | * | 11/1979 | Rosansky | ......... H01M 50/3425 |
| | | | | D13/103 |
| D388,051 S | * | 12/1997 | Harada | ........................ D13/103 |
| D481,993 S | * | 11/2003 | Searle | ........................... D13/103 |
| D539,216 S | * | 3/2007 | Hamaguchi | ................. D13/103 |
| D577,333 S | * | 9/2008 | Daniel | ........................... D13/103 |
| D607,402 S | * | 1/2010 | Himeda | ........................ D13/103 |
| D763,788 S | * | 8/2016 | Bakker | .......................... D13/103 |
| D844,557 S | * | 4/2019 | Wang | ............................. D13/103 |
| D921,576 S | * | 6/2021 | Baker | ............................ D13/103 |
| D941,751 S | * | 1/2022 | Boris | ............................. D13/103 |
| D942,942 S | * | 2/2022 | Geng | ............................ D3/294 |
| D942,967 S | * | 2/2022 | Yan | ............................. D14/218 |
| D944,197 S | * | 2/2022 | Li | ................................. D14/223 |

* cited by examiner

*Primary Examiner* — Nathaniel D. Buckner

(74) *Attorney, Agent, or Firm* — Sandy Lipkin

(57) **CLAIM**

The ornamental design for a battery, as shown and described.

**DESCRIPTION**

FIG. **1** is a front view of a battery, showing my new design;
FIG. **2** is a top plan view thereof;
FIG. **3** is a bottom plan view thereof;
FIG. **4** is a rear plan view thereof;
FIG. **5** is a left plan view thereof;
FIG. **6** is a right plan view thereof; and,
FIG. **7** is a perspective view thereof.

**1 Claim, 7 Drawing Sheets**





**FIG. 1**

Case: 1:25-cv-15023 Document #: 1 Filed: 12/10/25 Page 20 of 33 PageID #:20



**FIG. 2**

Case: 1:25-cv-15023 Document #: 1 Filed: 12/10/25 Page 21 of 33 PageID #:21



**FIG. 3**



**FIG. 4**



**FIG. 5**



**FIG. 6**



**FIG. 7**

US00D965513S

(12) **United States Design Patent** (10) Patent No.: **US D965,513 S**

Liao (45) Date of Patent: ** **Oct. 4, 2022**

(54) **BATTERY**

(71) Applicant: **Dongguan Lianguang Electronics Technology CO., LTD.**, Guangdong (CN)

(72) Inventor: **Zhibing Liao**, Dengzhou (CN)

(**) Term: **15 Years**

(21) Appl. No.: **29/776,985**

(22) Filed: **Apr. 1, 2021**

(51) **LOC (13) Cl.** .............................................. **13-02**
(52) **U.S. Cl.**
USPC .............................................. **D13/103**
(58) **Field of Classification Search**
USPC ................. D13/102–106, 110, 118–119, 184
CPC . Y02E 60/10; H01M 2220/30; H01M 50/209;
H01M 50/213; H01M 50/183; H01M
50/10; H01M 50/529; H01M 50/531;
H01M 10/0525; H01M 10/0436; H01M
10/052; H01M 10/0565; H01M 10/30;
H01M 10/345; H01M 10/425; H01M
2010/0495; B25F 5/02; B25F 5/00; A61B
2017/00734
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 4,175,166 | A | * | 11/1979 | Rosansky ......... H01M 50/3425 |
| | | | | D13/103 |
| D388,051 | S | * | 12/1997 | Harada ........................ D13/103 |

| | | | | |
|---|---|---|---|---|
| D481,993 | S | * | 11/2003 | Searle .......................... D13/103 |
| D539,216 | S | * | 3/2007 | Hamaguchi .................. D13/103 |
| D577,333 | S | * | 9/2008 | Daniel .......................... D13/103 |
| D607,402 | S | * | 1/2010 | Himeda ........................ D13/103 |
| D763,788 | S | * | 8/2016 | Bakker ......................... D13/103 |
| D844,557 | S | * | 4/2019 | Wang ............................ D13/103 |
| D921,576 | S | * | 6/2021 | Baker ........................... D13/103 |
| D941,751 | S | * | 1/2022 | Boris ............................ D13/103 |
| D942,942 | S | * | 2/2022 | Geng .............................. D3/294 |
| D942,967 | S | * | 2/2022 | Yan ............................... D14/218 |
| D944,197 | S | * | 2/2022 | Li ................................. D14/223 |

* cited by examiner

*Primary Examiner* — Nathaniel D. Buckner

(74) *Attorney, Agent, or Firm* — Sandy Lipkin

(57) **CLAIM**

The ornamental design for a battery, as shown and described.

**DESCRIPTION**

FIG. **1** is a front view of a battery, showing my new design;
FIG. **2** is a top plan view thereof;
FIG. **3** is a bottom plan view thereof;
FIG. **4** is a rear plan view thereof;
FIG. **5** is a left plan view thereof;
FIG. **6** is a right plan view thereof; and,
FIG. **7** is a perspective view thereof.

**1 Claim, 7 Drawing Sheets**





**FIG. 1**



FIG. 2



**FIG. 3**



**FIG. 4**



**FIG. 5**



**FIG. 6**



**FIG. 7**